**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LUIS R. MARQUEZ,
   Appellant,

  v.

DEPARTMENT OF LABOR,
   Agency.

DOCKET NUMBER
SF-315H-16-0521-I-1

DATE: May 27, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jim Dougherty</u>, Esquire, Walnut Creek, California, for the appellant.

<u>David M. Kahn</u>, Esquire, San Francisco, California, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claim to the Western Regional Office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2      Effective May 13, 2016, the agency terminated the appellant's employment during his 1-year probationary period for unacceptable performance.[2]  Initial Appeal File (IAF), Tab 1 at 12.  The termination letter specified the deficiencies in his performance and advised him of his Board appeal rights.  *Id.* at 12-13.

¶3      The appellant filed an appeal, challenging the merits of his termination and alleging that he was terminated due to his disability, race, color, national origin, sex, and age, and for unspecified, preappointment reasons.  IAF, Tab 1 at 7, Tab 10 at 51-55, Tab 12 at 4.  He claimed that he had 15 years and 3 months of Federal service, including 6 years of prior employment with a different agency, and that a probationary period was "not applicable" to his situation.  IAF, Tab 1 at 3, 62.  He also argued that the agency terminated him without providing "notice, a right to answer, and then a final decision."  IAF, Tab 12 at 4.  He further alleged that by terminating him, the agency violated his USERRA rights under 38 U.S.C. § 4311 and obstructed his right to compete for employment in violation of 5 U.S.C. § 2302(b)(4).  *Id.* at 4, 18-20.

¶4      The administrative judge notified the appellant that the Board may lack jurisdiction over his termination, informed him of his burden of establishing that he was an employee with statutory appeal rights under 5 U.S.C. chapter 75 or a probationer with regulatory appeal rights under 5 C.F.R. § 315.806, and afforded him an opportunity to respond.  IAF, Tab 2 at 2-5.  The administrative judge also granted the agency's motion to stay discovery pending a ruling on the jurisdictional issue.  IAF, Tabs 5, 7, 11.  Although the appellant agreed to the extension, he later submitted a pleading reflecting that he wished to engage in discovery.  IAF Tab 5 at 2, Tab 9 at 5.

---

[2] Although neither party supplied documentation reflecting the nature of the appellant's appointment, it appears that it was in the competitive service.  Initial Appeal File, Tab 1 at 12-13; *see* 5 C.F.R. § 315.201(a) (discussing a career-conditional appointment, like the appellant's, as a type of competitive-service appointment).

¶5     The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, without holding the requested hearing.  IAF, Tab 1 at 4; Tab 15, Initial Decision (ID) at 1, 3.  He found that the appellant was a probationary employee.  ID at 1.  He also found that the appellant failed to allege a preappointment reason for his termination and, thus, was not entitled to the procedural protections under 5 C.F.R. § 315.805.  ID at 3.  He further found that the appellant did not allege any other basis for Board jurisdiction over his termination.  *Id.*  He therefore found that the Board also lacked jurisdiction over the appellant's prohibited personnel practice claims.  *Id.*  The administrative judge received the appellant's additional jurisdictional response after the initial decision's issuance and therefore rejected it.  IAF, Tab 17; *see* 5 C.F.R. § 1201.112(a) (explaining that after the initial decision is issued, the administrative judge retains only limited jurisdiction over the case).

¶6     The appellant has filed a petition for review.  Petition for Review (PFR) File, Tabs 1, 3.  The agency has filed a response, to which the appellant has replied.[3]  PFR File, Tabs 4, 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7     The appellant alleges that the administrative judge erred by rejecting his additional jurisdictional response as untimely, denying his right to discovery, and failing to adjudicate his discrimination claims.  PFR File, Tab 1 at 4, Tab 7 at 4-9.  He also claims that the administrative judge erroneously found that he was

---

[3] We deny the appellant's motion for leave to file additional pleadings on the timeliness of his July 12, 2016 jurisdictional response.  PFR File, Tab 10.  As discussed below, we find his response to be timely filed, and we consider it on review.  The appellant also filed a motion for leave to submit a list of six Board decisions he argues are "relevant" to his timeliness claim.  PFR File, Tab 12.  To the extent these decisions would constitute new and material evidence, an adjudicatory body is presumed to be "aware of relevant precedent in [its jurisdiction]."  *Boyer v. United States*, 84 Fed. Cl. 751, 756 (2008).  Therefore, the appellant's motion for leave is denied.

terminated for postappointment reasons and was not entitled to the processes afforded by 5 U.S.C. § 7513(b) or 5 C.F.R. § 315.805.  PFR File, Tab 7 at 9-11.

<u>The appellant failed to nonfrivolously allege Board jurisdiction over his probationary termination.</u>

¶8        During a June 28, 2016 telephonic conference with the parties, the appellant requested an extension of time to file his jurisdictional response, which the administrative judge granted.  PFR File, Tab 4 at 9, Tab 7 at 6.  He ordered the appellant to file his response on or before July 12, 2016.[4]  *Id.*  The appellant submitted a copy of the tracking information and the envelope showing that his response was mailed on July 12, 2016.  PFR File, Tab 3, Subtab 4 at 3, Subtab 15.  The date of filing by mail is determined by the postmark date.  5 C.F.R. § 1201.4(*l*).  Accordingly, we find that his July 12, 2016 response was timely filed, even though the administrative judge did not receive it until July 13, 2016.  Thus, we consider his response on review.  PFR File, Tab 3.  Nonetheless, we find that these additional arguments do not provide a basis for altering the administrative judge's finding that the Board lacks jurisdiction over the appellant's probationary termination.

¶9        The appellant bears the burden of proving jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  To have Board appeal rights under 5 U.S.C. chapter 75, an appellant must, among other things, show that he satisfied one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1).  5 U.S.C. § 7513(d).  If he fails to satisfy the definition of "employee," he nevertheless may have the right to appeal his termination to the Board under 5 C.F.R. § 315.806.  In relevant part, under 5 C.F.R. § 315.806(c), a probationary employee whose termination was based in whole or in part on conditions arising before his

---

[4] The administrative judge apparently did not issue a written order on the appellant's request for an extension of time to file.  While the parties disagree as to whether the appellant's jurisdictional response was timely filed, both acknowledge that the administrative judge ordered the appellant "to file" his jurisdictional response on or before July 12, 2016.  PFR File, Tab 4 at 7, Tab 7 at 6.

appointment may appeal his termination on the ground that it was not effected in accordance with the procedures set forth in 5 C.F.R. § 315.805.[5]

¶10      Although the appellant claims entitlement to appeal rights under 5 U.S.C. chapter 75, he does not challenge the administrative judge's finding that he was a probationary employee at the time of his termination.  ID at 3.  Moreover, according to the appellant's additional evidence, he has no prior Federal civilian service.  PFR File, Tab 3, Subtab 27 at 46-48, 57.  Apparently, his 15 years of prior Federal service was military service, and his other prior Government service was with the State of California.  *Id.*  Thus, the appellant failed to nonfrivolously allege that he was an employee with Board appeal rights under 5 U.S.C. chapter 75.  *See Baggan v. Department of State*, 109 M.S.P.R. 572, ¶ 5 (2008) (finding that a competitive-service appointee can tack certain prior service in the same agency onto his current appointment to complete his probationary period).

¶11      The appellant also argues in his additional jurisdictional response that the agency terminated him due to his preexisting disability, race, and national origin. PFR File, Tab 3, Subtab 2 at 1-4.  The procedural safeguards of 5 C.F.R. § 315.805 do not apply to physical conditions predating employment that affect an employee's performance.  *Holloman v. Department of the Navy*, 31 M.S.P.R. 107, 110 (1986).  Rather, they are required if the separation of the employee was proposed for reasons other than performance deficiencies.  *Id.*  Thus, his medical condition, race, and accent, although preexisting, are not preappointment conditions within the meaning of 5 C.F.R. § 315.805.  *Id.*  We therefore find that he was not entitled to the process afforded by that provision and failed to allege a basis for jurisdiction under 5 C.F.R. § 315.806.

---

[5] The appellant has not challenged, and we discern no error with, the administrative judge's finding that the appellant made no claims that his termination was based on partisan political reasons or marital status discrimination under 5 C.F.R. § 315.806(b). ID at 3.

¶12      In the absence of an otherwise appealable action, the Board may not adjudicate the appellant's nonUSERRA-related discrimination, due process, and prohibited personnel practice claims. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1342-43 (2006) (reaffirming that the Board may not decide issues within its pendent or ancillary jurisdiction in the absence of an otherwise appealable action), *superseded by regulation on other grounds, as stated in Kingsley v. U.S. Postal Servic*e, 123 M.S.P.R. 365, ¶ 10 (2016).

<u>The appellant's remaining challenges to the administrative judge's finding that the Board lacks jurisdiction over his probationary termination do not state a basis for review.</u>

¶13      The appellant contends that the administrative judge erroneously denied him his right to discovery. PFR File, Tab 7 at 8; IAF, Tab 14. An appellant is entitled to request discovery of relevant materials to assist him in meeting his burden of establishing Board jurisdiction. *See Russo v. Department of the Navy*, 85 M.S.P.R. 12, ¶ 8 (1999). However, here, the appellant admitted that the purpose of his discovery requests was to obtain information on the merits of his termination and his pendant discrimination claims, which do not affect Board jurisdiction in this matter. IAF, Tab 8 at 14−15. He therefore has not shown that the administrative judge's order to stay discovery prejudiced his ability to meet his jurisdictional burden. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶14      We also find no merit to the appellant's claim that the administrative judge exhibited bias warranting recusal by issuing the initial decision without considering his July 12, 2016 jurisdictional response and by denying his request for discovery. PFR File, Tab 7 at 6, 8. It is well settled that an administrative judge's case-related rulings, even if erroneous, are insufficient to establish bias

and that claims of perceived adjudicatory errors simply do not provide a basis for recusal. *Hay v. U.S. Postal Service*, 106 M.S.P.R. 151, ¶ 18 (2007).

The administrative judge did not notify the appellant of his jurisdictional burden concerning his USERRA claim.

¶15      The appellant, whose veteran status is undisputed, reasserts on review his claim that the agency violated 38 U.S.C. § 4311 by terminating him. PFR File, Tab 3, Subtab 27, Exhibit 600 at 1, 17. The administrative judge, however, did not notify him of how to establish jurisdiction over his USERRA claims, and the agency's responses below did not cure this error. Thus, we must remand the appeal to ensure that the appellant receives notice of the jurisdictional burden regarding his USERRA claim.[6] *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

**ORDER**

For the reasons discussed above, we remand the USERRA claims to the Western Regional Office for further adjudication in accordance with this Remand Order. The administrative judge should provide the appellant with the following as to his USERRA jurisdictional burden: specific notice, an

---

[6] The appellant's USERRA claims do not provide a basis for conferring Board jurisdiction over his due process, nonUSERRA discrimination, or prohibited personnel practice claims. *See Metzenbaum v. Department of Justice*, 89 M.S.P.R. 285, ¶ 15 (2001) (reaffirming that the Board's authority to review USERRA claims does not provide a basis for reviewing other claims of prohibited discrimination).

 opportunity to conduct discovery, and an opportunity to present evidence and argument.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.